UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

American Dairy Queen Corporation,

                Plaintiff,

                              Civ. No. 11-358 (RHK/TNL)
                              **ORDER**

v.

Guy A. Blume, *et al.,*

                Defendants.

---

      This matter is before the Court on Defendant Guy A. Blume's Motion to Disqualify District Judge (Doc. No. 104). The Motion is not entirely comprehensible and is filled with wholly inappropriate (and offensive) allegations regarding the members of the Minnesota federal bench. (See, e.g., Mem. in Supp. at 3 (suggesting judges of this Court were involved in a conspiracy "to cover up illegal collection of fees"); id. at 4 ("The Judges and other Court officers in Minnesota may have been involved in the massive Fraud against franchisees.").) Regardless, it appears that the thrust of the Motion is that the undersigned must recuse himself from this matter because of his "association" with John W. Mooty, an attorney with the Gray Plant Mooty law firm, which represents Plaintiff American Dairy Queen Corporation in this action. The Motion alleges, for example, that Mooty and the undersigned are both "alumni of the Minnesota Law Review" (id. at 3, 5-6); that I have had dinner with Mooty in the past (id. at 2); and that I once attended an event regarding the "turnaround" and "purchase" of "IDQ" (presumably

meaning International Dairy Queen) at which Mooty was a speaker (id. at 3-4).  Even assuming the truth of these allegations regarding my "associations" with attorney Mooty, Blume has failed to demonstrate that recusal is warranted.

Blume's Motion invokes 28 U.S.C. § 455(a), which requires a judge to disqualify himself whenever his "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).[1]  Judges are presumed to be impartial and, accordingly, parties seeking recusal bear "the substantial burden of proving otherwise."  United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008) (internal quotation marks and citation omitted).  "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."  In re Drexel Burnham Lambert, 861 F.2d 1307, 1312 (2d Cir. 1988).  Were it otherwise, parties could easily engage in judge shopping and "deal a serious blow to the integrity of the court system."  ADC Telecomms., Inc. v. Thomas & Betts Corp., Civ. No. 98-2055, 2001 WL 848559, at *1 n.1 (D. Minn. July 25, 2001) (Frank, J.).

Blume's Motion overlooks that "the practice of law is a profession, and the judicial office is one specialized manifestation of that profession."  United States v. Kehlbeck, 766 F. Supp. 707, 713 (S.D. Ind. 1990).  As a result, judges frequently serve on committees, attend functions, and socialize with members of the bar, but the recusal rules do not require judges to check those relationships at the courthouse door.  Indeed, if such relationships "were to require recusal . . . , I daresay recusal would be required in so

---

[1] Blume also makes passing reference to 28 U.S.C. § 455(b), which contains several subsections concerning recusal.  He appears to be relying only on subsection (2), which mandates recusal when a judge "has been a material witness concerning" the matter in controversy.  Suffice it to say, despite Blume's wild and fantastic allegations, the undersigned has no factual knowledge regarding any of the claims or defenses in this case.

many . . . cases because of my acquaintance with an attorney that I – and probably most other judges – would be unable to function in our jobs." Bailey v. Broder, No. 94 Civ. 2394, 1997 WL 73717, at *2 (S.D.N.Y. Feb. 20, 1997); accord, e.g., United States v. Murphy, 768 F.2d 1518, 1537 (7th Cir. 1985) ("In today's legal culture friendships among judges and lawyers are common.  They are more than common; they are desirable.").

Simply put, a "judge must have neighbors, friends, and acquaintances, business and social relations, and be a part of his day and generation," but such associations do not require recusal.  Pennsylvania v. Local Union 542, 388 F. Supp. 155, 157 (E.D. Pa. 1974); accord, e.g., Caperton v. A.T. Masset Coal Co., 129 S. Ct. 2252, 2268 (2009) (Roberts, C.J., dissenting) ("In any given case, there are a number of factors that could give rise to a 'probability' or 'appearance' of bias:  friendship with a party or lawyer, prior employment experience, membership in clubs or associations, prior speeches and writings, religious affiliation, and countless other considerations.  We have never . . . require[d] recusal for any of these reasons, even though they could be viewed as presenting a 'probability of bias.'").  Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Blume's Motion to Disqualify District Judge (Doc. No. 104) is **DENIED**.

Dated: March 26, 2012                                         s/Richard H. Kyle
                                 RICHARD H. KYLE
                                 United States District Judge