## I. INTRODUCTION

### II. UNITED STATES DISTRICT COURT
### III. DISTRICT OF MINNESOTA

Civil No. 11-358 (RHK/TNL)

AMERICAN DAIRY QUEEN
CORPORATION,

        Plaintiff,

v.

GUY A. BLUME, BLUME
INVESTMENTS, LLC, and ROYAL
PROFESSIONAL SOLUTIONS, LLC,

        Defendants.

**REPORT & RECOMMENDATION**

William L. Killion, **FAEGRE BAKER DANIELS, LLP**, 90 South Seventh, Suite 2200, Minneapolis, MN, for Plaintiff.

Guy A. Blume, 4309 Northwest Fifth Street, Ankeny, IA 50023, pro se.

### IV.

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Guy A. Blume's (Blume) Motion Dismiss/Transfer (Docket No. 143). Blume's motion was referred to the magistrate judge for a report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). The Court heard oral argument on August 3, 2012. William Killion and appeared on behalf of Plaintiff

American Dairy Queen Corporation ("ADQ"), and Mr. Blume appeared *pro se*. For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss/Transfer (Docket No. 126) be **DENIED**.

## V. BACKGROUND

ADQ commenced this action in the United States District Court for the District of Minnesota by Complaint (Docket No. 1) on February 11, 2011, asserting claims for declaratory relief, injunctive relief, and damages against Blume and his "alter ego limited liability companies": Blume Investments, LLC and Royal Professional Solutions, LLC. *See generally* Compl., Feb. 11, 2011 (Docket No. 1). ADQ alleged that Defendants violated the restaurant franchise agreements by failing to submit monthly sales reports to ADQ; failing to pay to ADQ a percentage of gross retail sales from restaurants; failing to pay to ADQ an ongoing royalty of specified cents per gallon of soft-serve mix sold at restaurants; and failing to satisfy other fee obligations ancillary to the franchise agreements. Compl. ¶¶ 11-29. ADQ further alleged that Blume defamed ADQ and attempted to extort ADQ. *See id.* ¶¶ 30-46.

After a convoluted procedural history, Blume moved to dismiss the Complaint for Lack of Subject Matter, Lack of Jurisdiction and Improper Venue and Dismiss Case as Frivolous Lack of Standing[1] (Docket No. 34) (hereinafter "Blume's First Motion to Dismiss"). He argued that (1) this Court lacked subject-matter jurisdiction; (2) this Court

---

[1] *See* Rep. & Recommend, at n.8, Dec. 12, 2011 (explaining why Docket No. 34 was the operative motion to dismiss).

lacked personal jurisdiction over Blume; (3) ADQ failed to join essential parties under Fed. R. Civ. P. 19; (4) the District of Minnesota was an improper venue; (5) one of the franchise agreements has an arbitration provision; and (6) ADQ's claims were frivolous. On December 12, 2011, this Court recommended that the Motion be denied. (Docket No. 63.) Judge Kyle adopted this recommendation on January 12, 2012. (Docket No. 78.)

Just five days later, Blume filed two additional Motions to Dismiss (Docket Nos. 80, 97), an Answer to the Complaint (Docket No. 95), and a Counterclaim (Docket No. 96). Thereafter, this Court requested briefing from the parties on the following question: "What arguments raised within Defendant Guy A. Blume's motions to dismiss and for other relief (Docket Nos. 80, 97) can this Court consider in light of Fed. R. Civ. P. 12 and D. Minn. LR 7.1(h)?" Order, Mar. 12, 2012 (Docket No. 102).

ADQ responded that Blume's arguments relative to *forum non conveniens* and transfer of venue were waived under Fed. R. Civ. P. 12(h) and barred by D. Minn. LR 7.1(h). (*See* Docket No. 110.) ADQ further argued that Blume's argument that there was a failure to join an indispensable party was already considered by the Court and is, therefore, barred by D. Minn. LR 7.1(h), but conceded that the Court could consider Blume's Rule 12(b)(6) motions to the extent that they challenge ADQ's defamation and extortion claims. In addition to responding to this Court's request for briefing, ADQ filed its Motion to Amend the Complaint. (Docket No. 92.)

On May 9, 2012, this Court entered an omnibus order that, among other things, granted ADQ's Motion to Amend, denied as moot Blume's Motions to Dismiss, and struck Blume's Answer and Counterclaim. (Docket No. 121.) This Court further ordered as follows:

> Blume's response to the Amended Complaint shall be filed and served no later than June 1, 2012, but not before the Amended Complaint is filed and served upon him. Blume may incorporate by reference any arguments set forth in Motions to Dismiss or their respective memoranda by citing the specific pages that are referenced in his response. Blume is on notice that the Court will consider Plaintiff's Memorandum of Law Responding to the Court's Question in its March 12, 2012, Scheduling Order when considering Blume's response to the Amended Complaint.

*Id.* (internal citations to the record omitted).

ADQ filed its Amended Complaint (Docket No. 122) on May 15, 2012, alleging additional claims of defamation and extortion arising out of acts that occurred subsequent to ADQ commencing the present litigation. *See* Am. Compl. at ¶¶ 49-57. The majority of these allegations pertain to Blume commencing and participating in parallel suits in federal court in the Southern District of Iowa. *Id.* at ¶¶ 49-55. ADQ alleges that on November 9, 2011, Blume sent an e-mail to the "FDIC, Department of Justice and the Judicial System" and attached his "Reply of Fraud on the Court" document that he filed in his Iowa action. *Id.* at ¶ 56. Based upon these allegations, ADQ also asserts claims of abuse of process and malicious prosecution. *Id.* at ¶¶ 77-80.

On June 1, 2012, Blume filed the instant Motion to Dismiss, seeking an order dismissing ADQ's claims under Fed. R. Civ. P. 12(b)(6) and transferring this action to

the Southern District of Iowa for failure to join indispensable parties. ADQ opposes the Motion.

After briefing the instant Motion, ADQ filed two Motions requesting judicial notice be taken of two orders by the Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa. (Docket Nos. 151, 155.) This Court granted ADQ's Motions, *see* Docket No. 160, and granted Blume an opportunity to respond to the applicability of Judge Pratt's orders to Blume's Motion to Dismiss.

## VI. ANALYSIS

### A. Claims before the Court

In his Memorandum of Law (Docket No. 127), Blume appears to argue that an order dismissing ADQ's action is warranted because (1) ADQ failed to state an extortion claim upon which relief can be granted, Def.'s Mem. at 1-2, June 1, 2012; (2) ADQ failed to state a defamation claim upon which relief can be granted, *id.* at 2-11; and (3) ADQ failed to state declaratory judgment claims upon which relief can be granted. *Id.* at 11-14. Blume also appears to argue in the alternative that transferring this matter to the Southern District of Iowa is warranted because Minnesota is an inconvenient forum for this lawsuit and this Court lacks personal jurisdiction over Blume. *Id.* at 11-14. In addition, Blume states that he incorporates "all both (sic) [Docket Nos.] 80 and 97" in his present Motion. *Id.* at 1.

At the outset, two points require immediate attention. First, the Court's previous Report and Recommendation, dated December 12, 2012, addressed Blume's arguments

that the District of Minnesota is an inconvenient forum and that this Court lacks personal jurisdiction. Blume did not seek leave of the Court to raise these issues again. *See* D. Minn. LR 7.1(h) (stating "[e]xcept with the court's prior permission, a party must not file a motion to reconsider"). Moreover, Blume has made no showing that there has been any change in circumstances to warrant revisiting the Court's prior ruling. Instead, he simply restates his arguments that he has raised throughout these proceedings. *See, e.g.*, Docket Nos. 80, 81, 90, 91, 97, 98, 99, 105, 108, 111, 112, 137, 161, 162, 163. Having already thoroughly considered this issue, *see* Rep. & and Recommend., at 16-21 and 23-25, this Court declines to do so again.

Second, this Court declines to consider arguments that Blume raised in his second and third Motions to Dismiss. This Court accommodated Blume when it ordered that he could incorporate his prior motions by *specific* reference. Notwithstanding the fact that he apologized to the Court during the hearing on the instant Motion, this Court concludes that Blume disregarded this Court's unambiguous order. Therefore, his request to incorporate the entirety of his second and third Motions to Dismiss is denied.

Construing Blume's submissions liberally, however, this Court concludes that he did not raise his Rule 12(b)(6) arguments related to extortion, defamation, and declaratory judgment in his previous Motions to Dismiss. Therefore, this Court will consider these issues.[2]

---

[2] In considering these issues, this Court notes that Blume has repeatedly stated during hearings that he is not his own best advocate. While this Court has endeavored to

**B. Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept as true all of the allegations contained in a complaint. *Id.* Nevertheless, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). The court must analyze whether the plaintiff has put forth factual allegations that "raise the right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

**C. ADQ's Extortion Claim**

Iowa law provides a civil cause of action for extortion if a person makes a threat with the "purpose of obtaining something of value from another." *French v. Foods, Inc.*, 495 N.W.2d 768, 772 (Iowa 1993) (citing Iowa Code § 711.4); *see* also Iowa Code § 4.1(20) (defining "person" so as to include entities). Blume seems to argue that ADQ has failed to state an extortion claim because there are no facts alleged to support that he

---

discern the arguments that he has presented in his motion, this Court has not assumed the role of prosecuting Blume's defense upon his behalf.

ever sought anything of value from ADQ, and that the request that his attorney forwarded to ADQ cannot constitute a cause of action for extortion. Def.'s Mem. at 2. Even without considering the letter sent by Blume's attorney, the Court concludes that ADQ has stated an extortion claim upon which relief can be granted.

### D. ADQ's Defamation Claim

Blume argues that ADQ's defamation claim fails because his statements were true, his statements were opinions, and ADQ's claim is barred by the First Amendment. This argument ignores the fact that on a Motion to Dismiss, this Court is to accept as true the factual allegations of ADQ. Thus, this Court neither needs to consider nor resolve whether Blume's statements were true or opinions. In terms of the First Amendment arguments, ADQ has alleged sufficient facts to sustain the claim for malice, needed or not. Furthermore, Blume's argument that he enjoys qualified immunity for petitions to the government ignores ADQ's allegations that he told third-parties, who were not government agents, that ADQ was engaged in criminal activity. Thus, ADQ has alleged a defamation claim upon which relief can be granted.

### E. ADQ's Declaratory Judgment Claim

ADQ asserts a claim for declaratory judgment arising from the Blume's alleged breach of the implied covenant of good faith and fair dealing. Am. Compl. at ¶¶ 68-70. Blume's argument—to the extent that it can be discerned—appears to be premised on his contention that the covenant of good faith and fair dealing cannot be applied so as to read new terms into the parties' agreement. This contention, however, amounts to nothing

more than a restatement of black letter law without any discussion concerning how the law defeats ADQ's claim.  ADQ has alleged that Blume took actions to prevent ADQ from enforcing the underlying contract terms. These allegations are sufficient to state a claim upon which relief can be granted.

Blume also invites this Court to read and interpret all of the contracts in this matter and hold that ADQ has not stated a claim for declaratory judgment upon which relief can be granted.  *See* Pl.'s Mem. at 13-14.  This Court declines to undertake the role of prosecuting Blume's defense on his behalf.

## VII. RECOMMENDATION

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss/Transfer (Docket No. 126) be **DENIED**.


Date:  October 12, 2012                    s/ *Tony N. Leung*
                                            Magistrate Judge Tony N. Leung
                                            United States District Court


*Civil No. 11-358 (RHK/TNL)*

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly

appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 29, 2012.