UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| American Dairy Queen Corporation, | Civil No. 11-358 (RHK/TNL) |
| Plaintiff, | **ORDER** |
| v. | |
| Guy A. Blume, Blume Investments, LLC, and Royal Professional Solutions, LLC, | |
| Defendants. | |

This matter is before the Court on the application of Defendant Guy A. Blume for leave to proceed in forma pauperis ("IFP") on appeal. (Doc. No. 258.) For the reasons discussed below, Defendant's IFP application will be DENIED.

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal court case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that he or she is indigent and cannot pay the full filing fee. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). Even if a litigant is found to be indigent, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). An appeal is frivolous, and not taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, it appears that Defendant may be financially eligible for IFP status, but the Court finds that his appeal is not taken in good faith. The appeal is not taken in good faith, because the order that Defendant is seeking to have reviewed on appeal is not an appealable order.

Defendant is seeking appellate review of an interlocutory order entered by a magistrate judge, which required him to pay a sanction for violating Rule 11 of the Federal Rules of Civil Procedure. Defendant was required to pay $1,000.00 to the Clerk of Court as a sanction for

repeatedly making statements to the Court that lacked any credible evidentiary support. (See Order dated October 19, 2012, [Doc. No. 236].)

An order entered by a magistrate judge is not appealable to the Eighth Circuit Court of Appeals, unless the parties have consented to have the case heard and decided by a magistrate judge, rather than a district court judge. LeGear v. Thalacker, 46 F.3d 36, 36–37 (8th Cir.1995) (per curiam) (dismissing appeal from magistrate judge's order, for lack of jurisdiction). See also Baccam v. Ferguson, 427 F. App'x 542, 543 (8th Cir. 2011) (unpublished opinion) ("[b]ecause the parties did not consent to the jurisdiction of the magistrate judge... [appellant] is required to seek review of the order in the district court before this court has jurisdiction over an appeal") (citations omitted); Kenney v. Swift Transp., Inc., 159 F. App'x 747, 748 (8th Cir. 2012) (unpublished opinion) (absent consent of the parties, a magistrate judge lacks authority to enter an order that is reviewable in the Court of Appeals).

Here, the parties have not consented to have the case heard and decided by a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the order that Defendant is seeking to have reviewed in the Eighth Circuit Court of Appeals – i.e., the order requiring Defendant to pay Rule 11 sanctions to the Clerk of Court – is not an appealable order.[1] Because Defendant is attempting to appeal a non-appealable order, his appeal will have to be summarily dismissed for lack of jurisdiction.

---

[2] If Defendant wanted to seek further review of the Magistrate Judge's sanctions order, he was required to file written objections asking this Court to review the order. Local Rule 72.2(a). Any such objections had to be filed within fourteen days after service of the sanctions order. Id. Because Defendant did not file any such objections in a timely manner, he has now forfeited the opportunity to seek any further review of the Magistrate Judge's sanctions order. Id. ("[w]ithin 14 days after being served with a copy of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge, a party may file and serve objections to the order; a party may not thereafter assign as error a defect in the Magistrate Judge's order to which objection was not timely made") (emphasis added).

For the reasons cited above, the Court finds that Defendant has no arguable grounds for taking an appeal at this time, and his current appeal is <u>not</u> taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. 24(a)(3). Defendant's pending application to proceed IFP on appeal will therefore be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant's application to proceed <u>in forma pauperis</u> on appeal (Doc. No. 258) is **DENIED**.

Dated: November 20, 2012

s/Richard H. Kyle<br>
RICHARD H. KYLE<br>
United States District Judge