UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

American Dairy Queen Corporation,

                        Plaintiff,

                                                    Civ. No. 11-358 (RHK/TNL)
                                                    **ORDER**

v.

Guy A. Blume, *et al.,*

                        Defendants.

---

This matter is before the Court on the January 11, 2013 Report and Recommendation (Doc. No. 278) of Magistrate Judge Leung, recommending *inter alia* that default judgment be entered against Defendant Guy A. Blume. Blume has filed Objections (Doc. No. 279) to the Report and Recommendation, to which Plaintiff has responded (Doc. No. 284). Having reviewed the Report and Recommendation *de novo*, see 28 U.S.C. § 636, and having carefully considered Blume's Objections and Plaintiff's response, the Court concludes that the Magistrate Judge's recommendation is fully supported by the record in this case and by controlling legal principles. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

    1.    Blume's Objections (Docket No. 279) are **OVERRULED**, and the Report and Recommendation (Doc. No. 278) is **ADOPTED** in its entirety;

    2.    Plaintiff's Motion to Strike Various Submissions and Motion for Sanctions (Doc. No. 219) is **GRANTED**. Docket Nos. 181-85, 188, 191, 194, 199, and 209 are

**STRICKEN**, and the Clerk of Court is **DIRECTED** to enter Blume's default in this matter, as a sanction pursuant to Federal Rule of Civil Procedure 37;

3. Plaintiff shall recover of Blume the sum of $5,000 as a sanction, pursuant to Federal Rule of Civil Procedure 37, for fees and costs incurred prosecuting this action and responding to Blume's improper filings;

4. Plaintiff is **DECLARED** to have properly terminated for cause the Franchise Agreement entered into on May 1, 1981, with Bruce and Marla Lenocker for the operation of a DAIRY QUEEN restaurant in Audubon, Iowa (Doc. No. 122, Ex. C) (the "Audubon Franchise Agreement"), and assigned to Royal Professional Solutions, LLC, on September 1, 2006 (Doc. No. 122, Ex. D);

5. Plaintiff is **DECLARED** to have properly terminated for cause the DAIRY QUEEN Territory Agreement (Doc. No. 122, Ex. H) and Food Service Addendum (Doc. No. 122, Ex. I) (together, the "Poweshiek/Grinnell Territory Agreement") assigned to Defendant Blume on or about July 28, 2009 (Doc. No. 122, Ex. J); and

6. This matter is **REFERRED** to Magistrate Judge Leung to determine the appropriate amount of the money judgment to be entered in Plaintiff's favor and against Blume as damages under the parties' various agreements. Plaintiff should be prepared to offer proof of its damages to the Magistrate Judge, including showing which of the Defendants in this action are legally responsible for such damages;[1]

---

[1] The Court declines Plaintiff's request to "enjoin[] Defendants from . . . acts of extortion or defamation," as set forth in the Amended Complaint, due to First Amendment concerns with granting such relief. Any future speech or other conduct by Defendants for which Plaintiff believes it has been damaged must be addressed in a separate lawsuit. The Court further declines

- 3 -

      7.      Blume's purported Counterclaims (Doc. Nos. 178, 237) are **DISMISSED WITH PREJUDICE**; and

      8.      All pending Motions not stricken above (Doc. Nos. 167, 201, 212, 213, 227, 230, 233, 238, 240, 251, 262, 272, and 273) are **DENIED AS MOOT**.

Date:  April 23, 2013

      s/Richard H. Kyle
      RICHARD H. KYLE
      United States District Judge

---

to require approval before Blume may file a future action against Plaintiff.  However, Blume is warned that he now has "two strikes" (this action and the action before Judge Pratt in the Southern District of Iowa) and a filing injunction may become appropriate should he file frivolous proceedings against Plaintiff at a later time.