UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

AMERICAN DAIRY QUEEN
CORPORATION,

    Plaintiff,

v.

GUY A. BLUME, BLUME
INVESTMENTS, LLC, and ROYAL
PROFESSIONAL SOLUTIONS, LLC,

    Defendants.

Civil No. 11-358 (RHK/TNL)

REPORT
&
RECOMMENDATION

---

William L. Killion, **FAEGRE BAKER DANIELS, LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN, for Plaintiff.

Guy A. Blume, 4309 Northwest Fifth Street, Ankeny, IA 50023, *pro se*.

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on referral from United States District Judge Richard H. Kyle to determine the appropriate amount of the money judgment to be entered in Plaintiff American Dairy Queen Corp.'s ("ADQ") favor and against the various Defendants. (*See* ECF No. 285.)

ADQ commenced this action on February 11, 2011, asserting claims for declaratory relief, injunctive relief, and damages against Defendant Guy A. Blume ("Blume") and his "alter ego limited liability companies," Defendant Blume Investments, LLC ("Blume Investments"), and Defendant Royal Professional Solutions, LLC

1

("Royal"). (*See generally* Compl., ECF No. 1.) On April 23, 2013, Judge Kyle directed the Clerk of Court to enter default against Defendant Guy Blume (ECF No. 285, 286) and referred the matter to this Court "to determine the appropriate amount of the money judgment to be entered in Plaintiff's favor and against Blume as damages under the parties' various agreements." ECF No. 285 at 2.

Based on ADQ's submissions (*see* ECF Nos. 288-89), the Court determines as follows:[1]

1. On September 10, 2008, Blume agreed to be bound personally by the terms of the Johnston franchise agreement between ADQ and Blume Investments and guaranteed Blume Investments's obligations to ADQ. (ECF No. 122-2 at 43.) As part of the sale of the Johnston franchise, Blume Investments gave ADQ a check for $3,940.36 that did not have sufficient funds. (ECF No. 122-3.) Accordingly, Blume is liable to ADQ in the amount of $3,940.36.

2. On September 7, 2006, Blume agreed to be bound personally by the terms of the Audobon franchise agreement between ADQ and Royal and guaranteed Royal's obligations to ADQ. (ECF No. 122-5 at 2.) From March 2011 through August 2011, Royal failed to pay the royalties and sales promotion fees and to submit monthly sales reports as required by Paragraph 9 of the Audobon franchise agreement. ADQ has estimated the amount of unpaid royalties and sales promotion fees, based on the previous year's sales and Royal's orders from its supplier, to be $13,093.41. (ECF No. 289-1.) The

---

[1] In its submissions addressing the amount of money damages for which the Court should enter judgment, ADQ fails to offer any proof of damages owed by either Royal or Blume Investments. Accordingly, the Court will not recommend the entry of any money judgment against either Royal or Blume Investments.

Court determines that this is a reasonable determination of Royal's sales from March 2011 to August 2011. Accordingly, Blume is liable to ADQ in the amount of $13,093.41.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. ADQ's Motion for the Entry of Judgment (ECF No. 287) be **GRANTED**, and the Clerk of Court be directed to **ENTER JUDGMENT** against Defendant Guy A. Blume in the amount of $17,033.77; and

2. Blume's outstanding Motions (ECF Nos. 305, 306) be **DENIED AS MOOT**.


Date: July 26, 2013            s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Am. Dairy Queen v. Guy A. Blume et al.*
File No. 11-cv-358 (RHK/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court by **August 10, 2013.**